Argued September 4, affirmed as modified October 16, 1975

# GOVERNMENT EMPLOYEES INSURANCE COMPANY, *Appellant, v.* BARRY ET AL, *Respondents.*

541 P2d 138

*James B. O'Hanlon,* Portland, argued the cause for appellant. With him on the briefs were John E. Hart and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Raymond Conboy,* Portland, argued the cause for respondents Kriz. With him on the brief were Dan O'Leary and Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE*, HOLMAN*, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a declaratory judgment proceeding brought by plaintiff insurance company to obtain an interpretation of its policy and for a declaration that of the two amounts specified in the policy as coverage for bodily injury, the lesser amount is applicable.

Plaintiff issued a policy of insurance to defendant Nicholas Barry, providing for bodily injury liability coverage of $10,000/$20,000 for a Chevrolet pickup, and $25,000/$50,000 for a Mercedes Benz automobile. The policy lists both vehicles as owned by the insured. Barry, who lived in Roseburg, went to reside temporarily with his sister, Ruth Cox, in "a remote area in southeastern Oregon," taking with him his Chevrolet pickup. The Chevrolet temporarily became inoperable and Barry borrowed a Ford pickup from his sister to go on an errand. Enroute he collided with an automobile in which defendants Kriz were occupants. The Krizs were injured. They filed an action for personal injuries against Barry, who tendered the defense to plaintiff. Defendants contend that the $25,000/$50,000 coverage for the Mercedes is applicable in the action by the Krizs against Barry. Plaintiff contends that since the Ford was borrowed from defendant's sister as a substitute for the Chevrolet, the coverage should be that which would have been applicable if the Chevrolet had been used, that coverage being $10,000/$20,000. Since the resolution of these

* Denecke and Holman, JJ., did not participate in this decision.

contentions rests upon an interpretation of the policy, we turn to a consideration of its language, deleting the inapplicable portions.

Under the policy, plaintiff agrees

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury * * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, * * *."

"Owned Automobile" is defined as:

"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, * * * or,

"(d) a temporary substitute automobile."

"Non-owned Automobile" is defined as:

"[A]n automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

"Temporary Substitute Automobile" is defined as:

"[A]ny automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

The trial court held that the coverage for the accident involved in this case was $25,000/$50,000. Plaintiff contends that because the Ford pickup was a temporary substitute automobile (defined as an "owned automobile" in the policy) for the Chevrolet the liability under the policy is limited to the $10,000/$20,000 coverage applicable to the Chevrolet. It is plaintiff's argument that since a "temporary substitute automo-

bile" is defined in the policy as an "owned automobile," the policy provides the same liability coverage for the substitute as it provides for the insured automobile which it replaces.

Defendants contend that the trial court correctly held the policy limits to be $25,000/$50,000 instead of $10,000/$20,000. According to defendants, the policy definitions of "owned" and "non-owned" are not mutually exclusive and the Ford is covered as an "owned automobile" with respect to the Chevrolet (because it was a "temporary substitute" for the Chevrolet), and also as a "non-owned automobile" with respect to the Mercedes (because the Ford was not a "temporary substitute" for the Mercedes). Defendants note that the policy does not specify which of the different liability limits apply to a vehicle covered as both "owned" and "non-owned." They conclude that the higher limits apply because ambiguities in the policy should be construed against the insurance company.

The limits of coverage are determined by the terms of the policy. There is no dispute that under the policy the Ford was a "temporary substitute automobile" for the Chevrolet. Such a "temporary substitute" is expressly included in the policy definition of "owned automobile" and expressly excluded from the definition of "non-owned automobile."

The Ford is covered by the policy as an "owned automobile" because it was a "temporary substitute" for the Chevrolet, and the Ford therefore takes the place of the Chevrolet under the policy. We interpret this to mean that the Ford thereby acquired the policy coverage applicable to the Chevrolet it temporarily replaced. We find unpersuasive defendants' argument that because the Ford was not a "temporary substitute" for the Mercedes, the Ford was also covered by the policy as "non-owned" with respect to the Mercedes.

The coverage provisions for both vehicles are contained in one policy. The policy contains the definitions governing bodily injury liability coverage and nothing in the policy suggests that these definitions apply independently with respect to each insured vehicle without any relation to the other. We interpret the policy to mean that when the borrowed Ford temporarily replaced defendant's Chevrolet, the Ford became a "temporary substitute automobile" for purposes of bodily injury liability coverage under the policy and was covered by the same limits applicable to the Chevrolet which it replaced.

The judgment of the trial court is affirmed as modified by this opinion.